1  George Cardona, Interim City Attorney (State Bar No. 135439)
   *George.Cardona@smgov.net*
2  Lance S. Gams, Chief Deputy City Attorney (State Bar No. 125487)
   *Lance.Gams@smgov.net*
3  1685 Main Street, Room 310
   Santa Monica, California 90401
4  Telephone: (310) 458-8336
   Facsimile: (310) 451-5862
5
6  Eugene P. Ramirez (State Bar No. 134865)
   *epr@manningllp.com*
   Lynn Carpenter (State Bar No. 310011)
7  *llc@manningllp.com*
   **MANNING & KASS**
8  **ELLROD, RAMIREZ, TRESTER LLP**
   801 S. Figueroa St, 15th Floor
9  Los Angeles, California 90017-3012
   Telephone: (213) 624-6900
10 Facsimile: (213) 624-6999

11 Attorneys for Defendant, CITY OF
   SANTA MONICA
12

13              **UNITED STATES DISTRICT COURT**

14        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15

16 WOLFGANG MOUNTFORD,          Case No. 2:20-CV-7220-MCS-(Ex)
   individually,
17                               *[Assigned to Hon. Mark C. Scarsi]*
                Plaintiff,       **NOTICE OF MOTION AND
18                               MOTION BY DEFENDANT CITY
   v.                            OF SANTA MONICA TO DISMISS
19                               PORTIONS OF PLAINTIFF'S
   CITY OF SANTA MONICA, a       FIRST AMENDED COMPLAINT;
20 Governmental entity; ELOY     MEMORANDUM OF POINTS AND
   RODRIGUEZ, individually;      AUTHORITIES IN SUPPORT**
21 MATTHEW JONES, individually,
   and DOES 1 through 10, inclusive;  [Filed Concurrently with Proposed
22 City of Santa Monica,         Order]

23              Defendants.      Date:  January 4, 2021
                                 Time:  9:00 a.m.
24                               Ctrm:  7C (7th Floor)

25                               FAC filed:    Oct. 21, 2020
                                 Trial date:   not yet set
26

27 TO PLAINTIFF WOLFGANG MOUNTFORD AND TO HIS ATTORNEYS OF

28 RECORD:

                                    1

NOTICE IS HEREBY GIVEN that on the 4th day of January, 2021, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom "7C" of the above-captioned Court, located at 350 West 1st Street, Los Angeles, California 90012, defendant CITY OF SANTA MONICA ("defendant City") will move this Court for an order dismissing the following portions of the first amended complaint of plaintiff WOLFGANG MOUNTFORD ("plaintiff") filed on October 21, 2020 [Doc. 13]:

1.      Plaintiff's second cause of action for unlawful custom and practice under 42 U.S.C. § 1983 fails to state a claim upon which relief can be granted against defendant City;

2.      Plaintiff's third cause of action for assault and battery fails to state a claim upon which relief can be granted against defendant City for direct liability under California law;

3.      Plaintiff's fourth cause of action for negligence fails to state a claim upon which relief can be granted against defendant City for direct liability under California law; and

4.      Plaintiff's fifth cause of action for violation of California Civil Code §§ 52 and 52.1 fails to state a claim upon which relief can be granted against defendant City for direct liability under California law.

This motion to dismiss is made pursuant to Fed.R.Civ. P. 12(b)(6), and is based upon this notice of motion, the attached memorandum of points and authorities, the proposed order lodged concurrently with this motion, the papers and records on file in this action, and upon such additional documents and argument as may be properly before this Court at the time of the hearing on this motion.

///
///
///
///
///

1   This motion is made following the conference of counsel pursuant to Local Rule 7-3
2   which took place on October 28, 2020.
3   DATED:  November 10, 2020      **MANNING & KASS**
                                   **ELLROD, RAMIREZ, TRESTER LLP**
4
5
6                                  By:  _____/s/ Lynn Carpenter_____
7                                      Eugene P. Ramirez, Esq.
                                       Lynn L. Carpenter, Esq.
8                                      Attorneys for Defendant,
                                       CITY OF SANTA MONICA
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

1

## **TABLE OF CONTENTS**

**Page**

1. INTRODUCTION AND SUMMARY OF ARGUMENT. ............................. 1

2. PROCEDURAL HISTORY. ............................................................... 2

3. SUMMARY OF THE ALLEGATIONS OF PLAINTIFF'S FIRST
AMENDED COMPLAINT. ................................................................. 2

4. THE COURT SHOULD GRANT DEFENDANT CITY'S MOTION
TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION FOR
UNLAWFUL CUSTOM AND PRACTICE UNDER 42 U.S.C. § 1983. ........ 3

    A.   The Prior Incidents Alleged By Plaintiff Do Not Support
Defendant City Having An Unconstitutional Policy, Practice, Or
Custom. ................................................................................. 4

           1.   There Is No Allegation That The Named Defendant
Officers Were Involved In Any Of The Prior Incidents
Alleged By Plaintiff. ...................................................... 7

           2.   No Deadly Force Was Used In Any Of The Prior Incidents
Alleged By Plaintiff. ...................................................... 7

           3.   Two Of The Prior Incidents Alleged By Plaintiff Involved
Excessive Force On Suspects Already In Custody. ............... 7

           4.   Five Of The Prior Incidents Alleged By Plaintiff Were
Resolved With Settlements. ............................................. 7

           5.   The Prior Incidents Alleged By Plaintiff Occurred Over A
Twenty Year Period. ....................................................... 8

    B.   The Prior Incidents Alleged By Plaintiff Do Not Support The
Existence Of The Additional Policies, Practices And Customs
Alleged By Plaintiff. ............................................................... 9

           1.   The Prior Incidents Alleged By Plaintiff Do Not Support
A Municipal Liability Claim Against Defendant City For
Failure To Train. ........................................................... 9

           2.   The Prior Incidents Alleged By Plaintiff Do Not Support
A Municipal Liability Claim Against Defendant City For
Ratification. ................................................................ 10

           3.   The Prior Incidents Alleged By Plaintiff Do Not Support
A Municipal Liability Claim Against Defendant City For
Failure To Intercede. ..................................................... 11

5. THE COURT SHOULD DISMISS PLAINTIFF'S THIRD CAUSE OF
ACTION FOR ASSAULT AND BATTERY AGAINST
DEFENDANT CITY TO THE EXTENT THAT IT DOES NOT
SUPPORT A CLAIM FOR DIRECT LIABILITY. ............................... 13

i

6.  THE COURT SHOULD DISMISS PLAINTIFF'S FOURTH CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT CITY TO THE EXTENT THAT IT DOES NOT SUPPORT A CLAIM FOR DIRECT LIABILITY..................................................................... 15

7.  THE COURT SHOULD DISMISS PLAINTIFF'S FIFTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTIONS 52 AND 52.1 AS THESE STATUTES DO NOT IMPOSE ANY MANDATORY DUTY UPON DEFENDANT CITY.......................... 16

8.  THE COURT SHOULD DENY FURTHER LEAVE TO PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT AGAINST DEFENDANT CITY..................................................................... 17

9.  CONCLUSION ............................................................. 19

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

MOTION BY DEFT CITY OF SANTA MONICA TO DISMISS PORTIONS OF PLTF'S FAC

# TABLE OF AUTHORITIES

**Page**

## CASES

Adomako v. City of Fremont, 2018 U.S. Dist. LEXIS 82819 (N.D. Cal., May 16, 2018) ..................................................................................................10

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ..............................................................4

Bauer v. City of Pleasanton, 2020 U.S. Dist. LEXIS 52748 (N.D. Cal., Mar. 26, 2020) ..................................................................................................11

City of Canton v. Harris, 489 U.S. 378 (1989) ..................................................9

Clausing v. San Francisco Unified School Dist. 221 Cal. App. 3d 1224 (1990) ......17

Dasovich v. Contra Costa County Sheriff Dep't, 2014 U.S. Dist. LEXIS 131273 (N.D. Cal., Sept. 17, 2014) ................................................................11

Edwards v Oliver, 2019 U.S. Dist. LEXIS 161718 (N.D. Tex., Sept. 23, 2019) ........6

Edwards v. County of Los Angeles, 2014 U.S. Dist. LEXIS 180644 (C.D. Cal. Nov. 13, 2014) ...................................................................................9

Edwards v. Oliver, 2019 U.S. Dist. LEXIS 163268 (N.D. Tex., Aug. 12, 2019) ...........................................................................................6, 7, 8, 11

Elmansoury v. City of Garden Grove, 2018 U.S. Dist. LEXIS 106017 (C.D. Cal., May 9, 2018) ...........................................................................8, 9, 12

Flores v. City & County of Honolulu, 2019 U.S. Dist. LEXIS 194183 (D. Haw., Nov. 7, 2019) .................................................................................10

Fogel v. Collins, 531 F.3d 824 (9th Cir. 2008) ..................................................4

Foster v. County of San Luis Obispo, 14 Cal. App. 4th 668 (1993) .......................14

Gonzalez v. County of Los Angeles, 2008 WL 2951272, 2008 U.S. Dist. LEXIS 73003 (C.D. Cal. July 28, 2008) ..........................................................17

Guzman v. County of Monterey, 46 Cal. 4th 887 (2009) ......................................16

Haggis v. City of Los Angeles, 22 Cal. 4th 490 (2000) ........................................16

Harshberger v. City of Colton, 197 Cal. App. 3d 1335 (1988) ...........................14, 15

Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau, 701 F. 2d 1276 (9th Cir. 1983) ............................................................................18

Lehto v. City of Oxnard, 171 Cal. App. 3d 285 (1985) ....................................15, 16

iii

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

Lopez v. County of Los Angeles, 2015 WL 3913263, 2015 U.S. Dist. LEXIS 82918, *31 (C.D. Cal., Jun. 25, 2015)............................................................17

Los Angeles Police Protective League v. Gates, 907 F.2d 879 (9th Cir. 1990)..........4

Los Angeles v. Heller, 475 U.S. 796 (1986) ....................................................4

Lutz v. Delano Union School District, 2009 U.S. Dist. LEXIS 69245 (E.D. Cal., Aug. 7, 2009) ..........................................................................12

Lytle v. Carl, 382 F.3d 978 (9th Cir. 2004)......................................................11

MacDonald v. California, 230 Cal. App. 3d 319 (1991)............................................17

Monell v. Department of Soc. Serv., 436 U.S. 658 (1978) ........................................4

O'Toole v. Superior Court, 140 Cal. App. 4th 488 (2006)........................................16

Peace & Freedom Party v. Bowen, 912 F. Supp. 2d 905 (E.D. Cal. 2012) ............18

Rodriguez v. City of Modesto, 535 Fed. App'x 643 (9th Cir. 2013)........................4

Roya v. Scott, 2009 U.S. Dist. LEXIS 16158 (E.D. Cal., Mar. 2, 2009).................18

Sandoval v. Las Vegas Metro. Police Dep't, 756 F.3d 1154 (9th Cir. 2014)..............9

Searcy v. Hemet Unified School District, 177 Cal. App. 3d 792 (1986).................14

Sheehan v. City & Cty. of San Francisco, 743 F.3d 1211 (9th Cir. 2014)...............10

Shelton v. City of Westminster, 138 Cal. App. 3d 610 (1982) ...............13, 14, 15, 16

St. Louis v. Praprotnik, 485 U.S. 112 (1988) ....................................................4, 10

State ex rel. Dept. of California Highway Patrol v. Superior Court, 60 Cal. 4th 1002 (2015) ..........................................................................14

Sweiha v. County of Alameda, 2019 U.S. Dist. LEXIS 170552 (N.D. Cal., Oct. 1, 2019)............................................................................7, 10

Thompson v. Hill, 2008 U.S. Dist. LEXIS 105948 (E.D. Cal., Dec. 30, 2008) .......18

Van Ort v. Estate of Stanewich, 92 F.3d 831 (9th Cir. 1996) ......................................9

Via v. City of Fairfield, 833 F. Supp. 2d 1189 (E.D. Cal. 2011) ............................4

Wettstein v. County of Riverside, 2020 U.S. Dist. LEXIS 81978 (C.D. Cal., Jan 22, 2020) ............................................................................6

Wilson v. Perkinson, 2009 U.S. Dist. LEXIS 6883 (E.D. Cal., Jan. 21, 2009) ........18

Young v. City of Visalia, 687 F. Supp. 2d 1141 (E.D. Cal. 2009)......................10, 12

Manning & Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

MOTION BY DEFT CITY OF SANTA MONICA TO DISMISS PORTIONS OF PLTF'S FAC

## **STATUTES**

42 U.S.C. § 1983...........................................................................................4, 9, 19

California Civil Code § 52.................................................................................17, 19

California Civil Code § 52.1..............................................................................17, 19

California Government Code § 815........................................................................15

California Government Code § 815.6.............................................................13, 14, 16

## **RULES**

Fed. R. Civ. P. 15.................................................................................................17

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3    **1.    INTRODUCTION AND SUMMARY OF ARGUMENT.**

4         Defendant City of Santa Monica ("defendant City") moves to dismiss several

5    claims alleged against it in the first amended complaint of plaintiff Wolfgang

6    Mountford ("plaintiff") pursuant to Fed.R.Civ.P. 12(b)(6).

7         Plaintiff's second claim for unlawful custom and practice against defendant

8    City should be dismissed as it is based entirely upon conclusory allegations without

9    any supporting factual allegations.  The seven prior incidents alleged in plaintiff's first

10   amended complaint to support this claim against defendant City are too factually

11   dissimilar to plaintiff's incident.  None the alleged prior incidents involved the named

12   defendant officers.  None of the alleged prior incidents involved the use of deadly

13   force.  In two of the prior incidents, the suspects were already in custody when the

14   use of force occurred.  Five of the prior incident were resolved by settlements with no

15   admission of liability.  Most importantly, the alleged prior incidents occurred over a

16   20 year period.  The prior incidents alleged by plaintiff are isolated and sporadic

17   incidents, and too dissimilar to plaintiff's incident to show defendant City had any of

18   the alleged policies, practices, or customs.

19        Plaintiff's state law claims against defendant City for assault and battery (third

20   claim) and for negligence (fourth claim) should be dismissed insofar as they attempt

21   to allege a claim for direct liability.  Plaintiff has not alleged any enactment which

22   imposes any mandatory duty upon defendant City under California Government Code

23   § 815.6.

24        Plaintiff's state law claim against defendant City for violations of California

25   Civil Code §52 and §52.1 should also be dismissed insofar as they attempt to allege a

26   claim for direct liability.  California Civil Code §52 and §52.1 are not the source of

27   any mandatory duty upon defendant City under California Government Code § 815.6.

28        ///

1

MANNING&KASS

ELLROD, RAMIREZ, TRESTER LLP
_Attorneys at Law_

**2.    PROCEDURAL HISTORY.**

Plaintiff's original complaint against defendant City and others was filed on August 11, 2020.  [Doc. 1].  Subsequently, defendant City stipulated that plaintiff could file a first amended complaint, and this stipulation was filed with this Court with a proposed order on October 15, 2020.  [Docs. 11, 11-1].  On October 15, 2020, this Court approved the stipulation of the parties allowing plaintiff leave to amend their complaint.  [Doc. 12].

Plaintiff filed his first amended complaint against defendant City on October 21, 2020.  [Doc. 13].

**3.    SUMMARY OF THE ALLEGATIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT.**

On July 14, 2019, plaintiff alleges that he was walking to his car when he was detained by Officers Rodriguez and Jones because a nearby resident had called the police.  [¶ 13].[1]  Officers Rodriguez and Jones investigated, interviewed and searched plaintiff, and determined that he was unarmed and that no crime had been committed.  [¶ 14].  Officers Rodriguez and Jones then released plaintiff.  [¶ 14].

Shortly afterwards, the resident who had called the police on plaintiff came out of his home and initiated an argument with plaintiff.  [¶ 15].  When the resident acted as though he was going to come after plaintiff and attack him, plaintiff began to run away believing the resident was chasing him to attack him.  [¶ 15].  It appeared to plaintiff that the resident grabbed an item and went to his vehicle to pursue plaintiff.  [¶ 15].

This resident called the police again, and again Officers Jones and Rodriguez responded.  [¶ 16].

Plaintiff attempted to hide in an alleyway at or near the 2000 Block of Lincoln Boulevard.  [¶ 17].  Plaintiff saw a dark vehicle with bright lights pulling up behind

---

[1] All subsequent bracketed reference will be to plaintiff's first amended complaint filed on October 21, 2020.  [Doc. 13].

**MOTION BY DEFT CITY OF SANTA MONICA TO DISMISS PORTIONS OF PLTF'S FAC**

him. [¶ 17]. Plaintiff believed the resident was driving the dark vehicle and was still chasing him, so plaintiff tried to hide behind a trash can. [¶ 17]. The dark vehicle was actually Officers Rodriguez and Jones looking for plaintiff due to the second police call for service they had received. [¶ 18].

Officers Rodriguez and Jones stopped their vehicle in the alley where plaintiff was and exited their vehicle. [¶ 18]. Plaintiff believed that Officer Rodriguez was the resident trying to attack plaintiff, and attempted to run away "passing by" Officer Rodriguez to avoid any attack. [¶19]. Plaintiff then "ran by passing" Officer Rodriguez- plaintiff had nothing in his hands, did not make any violent or furtive motions, gestures, or threats to Officer Rodriguez. [¶ 20].

Plaintiff was able to run all the way past Officer Rodriguez, [¶ 20] and was now completely running away from Officers Rodriguez and Jones unarmed, with nothing in his hands and with his back to both of the Officers. [¶ 21]. Officer Rodriguez turned, pointed his firearm at plaintiff and fired one round, striking plaintiff in the back of the head. [¶ 21]. Plaintiff fell to the ground wounded in the back of the head. [¶ 22].

Plaintiff asked why the officers used force against him but the officers did not answer him. [¶ 22]. Plaintiff was on the ground incapacitated, in a position of complete submission and unable to move. [¶ 23]. Officer Rodriguez then jumped on top of plaintiff with great force, fracturing plaintiff's rib. [¶ 24]. Plaintiff was transported to Ronald Reagan UCLA Medical Center where he was treated for his injuries. [¶ 25].

Plaintiff alleges that defendant Officers Rodriguez and Jones were acting under color of state law, and in the course and scope of their employment with the Santa Monica Police Department, a department of defendant City. [¶¶ 2-5, 7].

**4.      THE COURT SHOULD GRANT DEFENDANT CITY'S MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION FOR UNLAWFUL CUSTOM AND PRACTICE UNDER 42 U.S.C. § 1983.**

Plaintiff's second claim for unlawful custom and practice under 42 U.S.C. §

3

1   1983 fails to state a claim.

2         To establish municipal liability under <u>Monell v. Department of Soc. Serv.</u>, 436

3   U.S. 658 (1978), a plaintiff must first establish that the peace officer deprived him of

4   a constitutional right.   <u>Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986).   Next,

5   plaintiff must show that an official city policy, custom, or practice was the moving

6   force behind the constitutional injury. <u>Monell, supra,</u> 436 U.S. at 694. A "policy" is a

7   "deliberate choice to follow a course of action . . . made from among various

8   alternatives by the official or officials responsible for establishing final policy with

9   respect to the subject matter in question." <u>Fogel v. Collins</u>, 531 F.3d 824, 834 (9th

10   Cir. 2008). A "custom" is a "widespread practice that, although not authorized by

11   written law or express municipal policy, is so permanent and well-settled as to

12   constitute a custom or usage with the force of law." <u>St. Louis v. Praprotnik</u>, 485 U.S.

13   112, 127 (1988); <u>Los Angeles Police Protective League v. Gates</u>, 907 F.2d 879, 890

14   (9th Cir. 1990).

15         Since <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), courts have repeatedly rejected

16   conclusory <u>Monell</u> allegations that lack factual content from which one could

17   plausibly infer <u>Monell</u> liability. "Threadbare recitals of the elements of a cause of

18   action, supported by mere conclusory statements, do not suffice." <u>Monell, supra</u>, 436

19   U.S. at 678. <u>See also, Rodriguez v. City of Modesto</u>, 535 Fed. App'x 643, 646 (9th

20   Cir. 2013) (affirming district court's dismissal of <u>Monell</u> claim based only on

21   conclusory allegations and lacking factual support); <u>Via v. City of Fairfield</u>, 833 F.

22   Supp. 2d 1189, 1196 (E.D. Cal. 2011) (citing numerous cases where <u>Monell</u> claims

23   without factual specificity were dismissed).

24   **A.**    **The Prior Incidents Alleged By Plaintiff Do Not Support Defendant City Having An Unconstitutional Policy, Practice, Or Custom.**

25   Plaintiff alleges that the deliberate indifference of defendant City to the

26   violation of constitutional rights was manifested by its failure to change its policies,

27   procedures, customs and practices despite its prior knowledge of "indistinguishably

28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
—— Attorneys at Law ——

similar incidents of excessive and improper use of force, falsification of evidence, submission of false police reports and perjury" [¶ 51], and by "ignoring the history and pattern of prior civil lawsuits alleging civil rights violations" arising from unlawful arrest, falsified evidence, false and misleading police reports, and false and perjurious testimony, and the resulting payment of damages to such individuals. [¶ 52].

To support these various municipal liability claims against defendant City for failure to train, ratification, and custom and practice, plaintiff alleges seven prior incidents:

1. A City of Santa Monica Police Department officer unconstitutionally ordered his canine partner to bite Jovane Leonard during an arrest. ("Leonard incident"). In 2019, defendant provided Mr. Leonard a civil settlement. [¶55(f)].

2. City of Santa Monica police department employees violated Louisa Ketron's constitutional rights when they struck Ms. Ketron while booking her, causing significant facial fractures. ("Ketron incident"). In 2017, defendant provided Ms. Ketron a civil settlement." [¶55(c)].

3. In 2016, a jury in a civil lawsuit concluded that Santa Monica police officers violated the constitutional rights of Justin Palmer and used excessive force against Mr. Palmer when they tackled him to the ground, pepper-sprayed, and arrested him while he was charging his vehicle at an electric vehicle charging station. ("Palmer incident"). The jury awarded Mr. Palmer $1.1 million in damages. [¶55(a)].

4. A Santa Monica police officer violated the constitutional rights of Sennett Devermont by wrongfully arresting him and intentionally overtightening his handcuffs. ("Devermont incident"). In 2014, defendant provided a civil settlement to Mr. Devermont. [¶55(d)].

5. Four City of Santa Monica Police Officers used excessive force against Paul Burke and violated his constitutional rights when they kicked, punched, and used a stun gun on Mr. Burke. ("Burke incident"). In 2012, defendant provided a civil

1    settlement to Mr. Burke.  [¶55(b)].

2         6.    Santa Monica police officers violated the constitutional rights of

3    Christopher Roberts by forcibly throwing him to the ground and brutally beating him

4    with punches and kicks, and grinding his head into the concrete.  ("Roberts incident").

5    Defendant provided a civil settlement to Mr. Roberts; the date is not alleged.  [¶55(e)].

6         7.    On May 31, 2001, Santa Monica Police officers violated the

7    constitutional rights of protestors by expending widespread excessive force against

8    the protestors. This widespread use of excessive force against peaceful protestors

9    resulted in ongoing rallies outside public safety facilities, the City hiring an outside

10   consulting firm specializing in law enforcement oversight to investigate the Police

11   Departments response to the protests, and the resignation of the Chief of Police.

12   ("protests incident").  [¶55(g)].

13        In <u>Edwards v. Oliver</u>, 2019 U.S. Dist. LEXIS 163238 (N.D. Tex., Aug. 12,

14   2019) (report and recommendation adopted by <u>Edwards v Oliver</u>, 2019 U.S. Dist.

15   LEXIS 161738 (N.D. Tex., Sept. 23, 2019), the district court stated:  "[T]o establish

16   a pattern using prior incidents, those incidents '"must have occurred for so long or so

17   frequently that the course of conduct warrants the attribution to the governing body

18   of knowledge that the objectionable conduct is the expected, accepted practice of city

19   employees."'  [Citations].    Demonstrating '[a] pattern requires similarity and

20   specificity; "*[p]rior indications cannot simply be for any and all 'bad' or unwise acts,*

21   *but rather must point to the specific violation in question*."' [Citations]."  <u>Edwards,</u>

22   <u>supra</u>, 2019 U.S. Dist. LEXIS 163238 at *23 (emphasis added).

23        In <u>Wettstein v. County of Riverside</u>, 2020 U.S. Dist. LEXIS 81978 (C.D. Cal.,

24   Jan 22, 2020), the district court explained: "While there is no per se rule for the

25   amount of unconstitutional incidents required to establish a custom under *Monell*, 'one

26   or two incidents ordinarily cannot establish a… custom, while *more incidents may*

27   *permit the inference of a [custom], taking into account their similarity, their timing,*

28   *and subsequent actions by the municipality*.' [Citation]."  <u>Wettstein, supra</u>, 2020 U.S.

6

1  Dist. LEXIS 81978, at *12.

2      And in <u>Sweiha v. County of Alameda</u>, 2019 U.S. Dist. LEXIS 170552 (N.D.

3  Cal., Oct. 1, 2019), the district court concluded: "The five incidents have markedly

4  different facts, do not involve mistreating someone with mental illness, and in any

5  event do not show a 'custom [that is] so "persistent and widespread" that it constitutes

6  a "permanent and well-settled city policy," as opposed to "[i]solated or sporadic

7  incidents, [which] will not support <u>Monell</u> liability against a municipality."'

8  [Citations]"  <u>Sweiha, supra</u>, 2019 U.S. Dist. LEXIS 170552 at *11-12.

9  **1.  There Is No Allegation That The Named Defendant Officers**
   **Were Involved In Any Of The Prior Incidents Alleged By**
10  **Plaintiff.**

11      Plaintiff does not allege that the defendant officers in this case- Officer

12  Rodriguez and Officer Jones- were involved in any of the seven prior incidents alleged

13  by plaintiff.  <u>Compare: Edwards, supra</u>, 2019 U.S. Dist. LEXIS 163238 at *24

14  ["(Defendant) Oliver himself was involved in two separate incidents in 2017

15  involving the use or display of force against a civilian."]

16  **2.  No Deadly Force Was Used In Any Of The Prior Incidents**
   **Alleged By Plaintiff.**
17

18      None of the seven prior incidents alleged by plaintiff in this case involved the

19  use of deadly force in the form of an officer's discharge of a firearm.

20  **3.  Two Of The Prior Incidents Alleged By Plaintiff Involved**
   **Excessive Force On Suspects Already In Custody.**

21      Two of the prior incidents alleged by plaintiff in this case involved the use of

22  excessive force on suspects who were already in custody-the Ketvon incident and the

23  Devermont incident.

24  **4.  Five Of The Prior Incidents Alleged By Plaintiff Were**
   **Resolved With Settlements.**
25

26      Five of the seven prior incidents alleged by plaintiff resulted in civil

27  settlements- the Leonard incident in 2019, the Ketron incident in 2017, the Devermont

28  incident in 2014, the Burke incident in 2012, and the Roberts incident (date not

7

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

alleged).  As the district court noted in <u>Elmansoury v. City of Garden Grove</u>, 2018 U.S. Dist. LEXIS 106017 (C.D. Cal., May 9, 2018): "At the motion to dismiss stage, the Court must- and does- accept plaintiff's allegations as true.  The court notes, however, that the 2004, 2008, and 2015 incidents were settled, *presumably through settlement agreements that did not involve any defendants making any admission of wrongdoing.* [Citations]." <u>Elmansoury, supra</u>, 2018 U.S. Dist. LEXIS 106017 at *18, n. 3 (emphasis added).

### 5.    The Prior Incidents Alleged By Plaintiff Occurred Over A Twenty Year Period.

Finally, the seven prior incidents alleged by plaintiff occurred over a 20 year time span.[2]

"[A]though plaintiffs include instances of alleged misconduct by other officers, those instances are too factually dissimilar *or too infrequent* to support the inference of a custom that fairly represents a municipal policy that is tantamount to 'shoot first and ask questions later' [Citation.  Even when taken as true, as the legal standard at this pleading stage requires, plaintiffs are left with allegations that BSPD officers were involved in one other shooting incident in 2013 and two tasing incidents, one in 2014 and the other in 2016, and that [defendant] Oliver himself was involved in two separate incidents in 2017 involving the use or display of force against a civilian. *These alleged incidents are not widespread or persistent enough to demonstrate a pattern.* [Citation]." <u>Edwards, supra</u>, 2019 U.S. Dist. LEXIS 163238 at *24 (emphasis added).

Likewise, in <u>Elmansoury, supra</u>, the district court held: "*This leaves the Court to address the adequacy of three incidents [fn. 3] spanning a dozen years in a police department that serves a community of well over 150,000 residents. [fn. 4].* These allegations are not sufficient to show <u>Monell</u> liability, which must be 'founded upon practices of sufficient duration, frequency and sufficiency that the conduct has

---

[2]  Possibly longer, as the date of the Roberts incident is not alleged by plaintiff.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

become a traditional method of carrying out policy.' [Citations]." Elmansoury, supra, 2018 U.S. Dist. LEXIS 106017 at *18.

**B.    The Prior Incidents Alleged By Plaintiff Do Not Support The Existence Of The Additional Policies, Practices And Customs Alleged By Plaintiff.**

In Edwards v. County of Los Angeles, 2014 U.S. Dist. LEXIS 180644 (C.D. Cal. Nov. 13, 2014), the district court did not allow the plaintiff to proceed on claims of policy, practice, and custom that were not supported by the prior incidents cited in plaintiff's complaint: "However, the Court will note that *the cases cited in paragraph 65 support only the existence of a warrantless/unauthorized removal practice/policy/custom, not any of the other alleged practices/policies/customs identified in paragraph 102.* [citation]. As to those other alleged grounds for Monell liability, the Court would again note that Plaintiffs are left only with the allegations underlying this case, which are not sufficient. *As such, the Court would at this tim*e (and absent a future motion for leave to amend) *only allow Plaintiffs to proceed on that single theory of Monell liability*." Edwards v. County, supra, 2014 U.S. Dist. LEXIS 180644, at *6-7 (emphasis added).

**1.    The Prior Incidents Alleged By Plaintiff Do Not Support A Municipal Liability Claim Against Defendant City For Failure To Train.**

To impose liability on a local government under § 1983, plaintiff "[m]ust prove that inadequate training or supervision was the moving force behind the deprivation. [citation]." Sandoval v. Las Vegas Metro. Police Dep't, 756 F.3d 1154, 1167-1168 (9th Cir. 2014), citing City of Canton v. Harris, 489 U.S. 378, 387-390 (1989). "In Canton, the Supreme Court announced these requirements in the context of a negligent training claim. They have since been applied to negligent supervision and hiring claims…. [Citations]." Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

To plead a cause of action based on failure to train, plaintiffs must allege "what the training… practices were, how the training… practices were deficient, or how the

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

9

1  training… practices caused plaintiff's harm.  [Citation]…."  <u>Young v. City of Visalia</u>,

2  687 F.Supp.2d 1141, 1149-1150 (E.D. Cal. 2009).

3      Plaintiff alleges that defendant City hired and retained officers who abused

4  their authority [¶¶ 46, 48(a)], failed to adequately train its officers as to the use of

5  force [¶ 48(d)], failed to adequately supervise its officers [¶¶ 31, 32, 48(f)], failed to

6  train, supervise, and retrain officers who used excessive force, falsified evidence, and

7  committed perjury [¶ 49], made arrests without probable cause [¶¶ 48(e)], and

8  provided inadequate training.  [¶ 57].

9      Plaintiff alleges no facts as to what the training and supervision practices were,

10  how they were deficient, or how they caused plaintiff's harm.  Further, the prior seven

11  incidents alleged by plaintiff do not set forth facts which show that they arose out of

12  any failure to train.  <u>See</u>: <u>Sweiha, supra</u>, 2019 U.S. Dist. LEXIS 170552 at *12 ["Mr.

13  Sweiha also advances a failure-to-train argument, presumably on the theory that the

14  other lawsuits should have put the County on notice that it had to train its deputies

15  better.  This argument fails. [Citation]."]

16      Plaintiff's conclusory allegations do not support his claim against defendant

17  City for failure to train.

    **2.    The Prior Incidents Alleged By Plaintiff Do Not Support A Municipal Liability Claim Against Defendant City For Ratification.**

20      "'[T]he mere failure to investigate the basis of a subordinate's discretionary

21  decisions' is not a ratification of those decisions.  [Citation]."  <u>Flores v. City & County</u>

22  <u>of Honolulu</u>, 2019 U.S. Dist. LEXIS 194183, *15 (D. Haw., Nov. 7, 2019), citing

23  <u>Praprotnik, supra</u>, 485 U.S. at 130.

24      "A police department's mere failure to discipline [its officers] does not amount

25  to ratification of their allegedly unconstitutional actions.' [Citation]."  <u>Adomako v.</u>

26  <u>City of Fremont</u>, 2018 U.S. Dist. LEXIS 82819, *9 (N.D. Cal., May 16, 2018), citing

27  <u>Sheehan v. City & Cty. of San Francisco</u>, 743 F.3d 1211, 1231 (9th Cir. 2014), rev'd

28  in part, cert. dismissed in part sub nom., 135 S. Ct. 1765, 191 L. Ed. 2d 856 (2015).

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
— Attorneys at Law —

"To show ratification, a plaintiff must show that the 'authorized policymakers approve a subordinate's decision and the basis for it.' [Citation]. The policymaker must have knowledge of the constitutional violation and actually approve of it. [Citation]. A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim. [Citations]." <u>Dasovich v. Contra Costa County Sheriff Dep't</u>, 2014 U.S. Dist. LEXIS 131273, *15-16 (N.D. Cal., Sept. 17, 2014), citing <u>Lytle v. Carl</u>, 382 F.3d 978, 987 (9th Cir. 2004).

Plaintiff alleges that defendant City failed to investigate and discipline officers [¶¶ 31, 32, 47], failed to investigate abuses [¶¶ 34, 47(g)], failed to discipline for abuses [¶47(h)], rewarded abuses [¶47(i)], punished officers who reported abuses [¶47(j)], and failed to investigate and discipline for excessive force, false arrest, falsification of evidence, preparation of false police reports, and perjury. [¶¶ 35, 45, 48(c), 48(l), 49, 50, 53, 54(a), 54, 56, and 58].

Plaintiff alleges no facts that there was ratification by defendant City of any failures to investigate and discipline. Further, the prior seven incidents alleged by plaintiff do not set forth facts which show that they arose out of any ratification of failures to investigate and discipline. <u>See:</u> <u>Bauer v. City of Pleasanton</u>, 2020 U.S. Dist. LEXIS 52748 (N.D. Cal., Mar. 26, 2020) ["[T]heir ratification theory relies on the other incidents, and so the claim fails for the reasons that the failure-to-train theory fails. [Citation]." <u>Bauer, supra</u>, 2020 U.S. Dist. LEXIS 52748 at *15.] and <u>Edwards, supra</u>, 2019 U.S. Dist. LEXIS 163268 at *24-25 ["Plaintiffs also fail to sufficiently allege a pattern of failures to discipline indicating that the City ratified its… policy via inaction."]

Plaintiff's conclusory allegation do not support a claim against defendant City for ratification.

### 3. The Prior Incidents Alleged By Plaintiff Do Not Support A Municipal Liability Claim Against Defendant City For Failure To Intercede.

Plaintiff also alleges that defendant City had a policy, practice and custom of

1  when officers use excessive force, other officers do not intervene to prevent its use,
2  do not arrest the officer engaged in its use, and do not report its use.  [¶ 33].

3      Plaintiff alleges no facts to support this allegation.  Plaintiff has not sufficiently
4  identified the challenged policy/custom/practice, explained how that
5  policy/custom/practice was deficient, explained how that policy/custom/practice
6  caused plaintiff's harm, and explained how the deficiency in each
7  policy/custom/practice was obvious and the constitutional injury likely to occur.
8  Young, supra, 687 F. Supp. 2d at 1149 (E.D. Cal. 2009).  "This conclusory statement,
9  which is unsupported by any factual allegations as to what that 'policy, custom and
10  practice' consists of, who established it, when, or for what purpose, does not
11  sufficiently allege a basis for Monell liability. [citation]."  Lutz v. Delano Union
12  School District, 2009 U.S. Dist. LEXIS 69245, *11 (E.D. Cal., Aug. 7, 2009).

13     Further, the prior seven incidents alleged by plaintiff do not set forth facts
14  which show that they arose out of any policy, practice, or custom by defendant City
15  for its officers not to intercede in any use of excessive force.  See: Elmansoury, supra,
16  2018 U.S. Dist. LEXIS 106017 at *19-20 ["The court's skepticism is heightened
17  because only one of the three incidents- the 2008 incident involving Tran- bears any
18  substantial similarity to the incident described in the SAC.  Specifically, *the other two*
19  *do not involve the presence of other officers at the time of the allegedly*
20  *unconstitutional conduct*. [fn. omitted]." (emphasis added).]

21     "[A]gain, at the motion to dismiss stage, the Court has treated plaintiff's
22  allegations as true.  Even so, plaintiff's allegations have not coalesced into a policy,
23  practice or custom." Elmansoury, supra, 2018 U.S. Dist. LEXIS 106017 at *18, n. 4.
24  "The Court therefore finds that these allegations do not rise above a showing of
25  'isolated' or 'sporadic' incidents, and are accordingly insufficient to nudge plaintiff's
26  Monell claim 'across the line from conceivable to plausible.' [Citation]." Elmansoury,
27  supra, 2018 U.S. Dist. LEXIS 106017 at *20.

28     Similarly here, the prior incidents alleged by plaintiff are isolated and incidents

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

over a period of 20 years, and too dissimilar to plaintiff's incident to show defendant City had a policy, practice or custom.

**5.    THE COURT SHOULD DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION FOR ASSAULT AND BATTERY AGAINST DEFENDANT CITY TO THE EXTENT THAT IT DOES NOT SUPPORT A CLAIM FOR DIRECT LIABILITY.**

Plaintiff's third cause of action for assault and battery alleges that "defendants" assaulted and battered plaintiff [¶ 63]; and that defendant City was responsible for implementing, maintaining, sanctioning, ratifying and/or condoning a policy, custom, or practice under which the individual defendants committed the aforementioned illegal and wrongful acts [¶ 64], knew or should have known of the customs, practices, policies and acts of the individual defendant police officers [¶ 64], and authorized and acquiesced in such customs, practices and policies and the commission of such acts. [¶ 65].   These allegations fail to state a claim for *direct* liability against defendant City.

California Government Code § 815.6 states "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

In <u>Shelton v. City of Westminster</u>, 138 Cal. App. 3d 610 (1982), the court explained:  "<u>Rowland v. Christian</u> [(1968) 69 Cal. 2d 108] teaches there are two exceptions to the general principle a person is liable for injury cause by his negligence: (1) there is a statutory provision declaring an exception or (2) balancing considerations of public policy an exception is necessary.  *In this case Government Code section 815.6 creates a statutory exception in that it limits general rules of negligence liability.   This statute says the mandatory duty in the written rule establishes the standard of care.   Under ordinary negligence analysis the standard of care is reasonable care under the circumstances.*

1   "*Government Code section 815.6 also declares liability is only for the*
2   *particular harm caused by the failure to perform the mandatory duty.  This is a more*
3   *narrow rule of liability than the general consideration of foreseeability*.  The general
4   rule extends liability to all harm reasonably foreseeable.  These strict limitations are,
5   in effect, a statutory exception to general negligence rules."  Shelton, supra, 138 Cal.
6   App. 3d at 623 (emphasis and bracketed material added).

7   Public entities cannot be held liable under general negligence principles; public
8   entities can only be held liable under California Government Code § 815.6, where
9   there has been the breach of an enactment which imposes a mandatory duty on the
10  public entity.

11  "In California, all governmental tort liability must be based upon statute."
12  Harshberger v. City of Colton, 197 Cal. App. 3d 1335, 1339 (1988).   "If the
13  Legislature has not created a statutory basis for it, there is no government tort liability.
14  [citation]."  State ex rel. Dept. of California Highway Patrol v. Superior Court, 60 Cal.
15  4th 1002, 1009 (2015).

16  Further, "[s]ince all government tort liability is dependent upon the existence
17  of an authorizing statute, *a public entity's duty created by statute must be identified*
18  *by plaintiff*. [citation]."  Foster v. County of San Luis Obispo, 14 Cal. App. 4th 668,
19  672 (1993) (emphasis added).  "Duty cannot be alleged simply by stating `Defendant
20  had a duty under the law'; that is a conclusion of law, not an allegation of fact.  The
21  facts showing the existence of the claimed duty must be alleged [citation].  *Since the*
22  *duty of a government entity can only be created by statute or `enactment', the statute*
23  *or `enactment' claimed to establish the duty must at the very least be identified.*"
24  Searcy v. Hemet Unified School District, 177 Cal. App. 3d 792, 802 (1986) (emphasis
25  added).  "Based upon the manifest intent underlying section 815.6, we think it obvious
26  that *a litigant seeking to plead the breach of a mandatory duty must specifically allege*
27  *the applicable statute or regulation*.  Only by so doing may the public entity be
28  advised of the factual and legal basis of the claim against it [citation]."  Lehto v. City

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

14

of Oxnard, 171 Cal. App. 3d 285, 292-293 (1985) (emphasis added).

The reason the specific enactment must be identified and pled is so the Court can determine whether the enactment relied upon imposes an obligatory duty upon the public entity, or is merely advisory. "Without this requirement of specificity in pleading, a court would be hard pressed to determine whether the enactment relied upon was intended to impose an obligatory duty to take official action to prevent foreseeable injuries or whether it was merely advisory in character." Lehto, supra, 171 Cal. App. 3d at 292-293.

Plaintiff's first amended complaint does not allege the enactment which imposes a mandatory duty upon defendant City as to the duties alleged in paragraphs 63 through 65 of the first amended complaint. Accordingly, this Court should dismiss plaintiff's third claim for assault and battery insofar as it purports to allege a direct liability claim against defendant City.

**6.  THE COURT SHOULD DISMISS PLAINTIFF'S FOURTH CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT CITY TO THE EXTENT THAT IT DOES NOT SUPPORT A CLAIM FOR DIRECT LIABILITY.**

Plaintiff's fourth cause of action for negligence alleges that "defendants" were charged with the duty to protect and serve the citizens of Santa Monica, including ensuring their safety [¶ 73]; "defendants" owed the public, including plaintiff, the duty not to cause harm [¶ 73]; and defendant City engaged in negligent hiring practices and negligent supervision. [¶ 76]. Plaintiff further alleges that "defendants breached these duties", including "training" [¶ 74], and are liable to plaintiff for these "acts and omissions". [¶¶ 77, 78, 83 and 84].

These allegations fail to state a claim for *direct* liability against defendant City. While "[u]nder ordinary negligence analysis the standard of care is reasonable care under the circumstances" (Shelton, supra, 138 Cal. App. 3d 610, 623), a public entity is liable "only if a statute declares them to be liable." Harshberger, supra, 197 Cal. App. 3d at 1339; California Government Code § 815. For a public entity, the standard

Manning & Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

of care is established by a mandatory duty in an enactment. <u>Shelton, supra</u>, 138 Cal. App. 3d at 623; California Government Code § 815.6. In order to state a cause of action against the City, plaintiffs must identify in their complaint the enactment which imposes a mandatory duty. <u>Lehto, supra,</u>171 Cal. App. 3d at 292-293.

Plaintiff's first amended complaint does not allege the enactment which imposes a mandatory duty upon the City as to the duties alleged in paragraphs 73, 74, and 76. Accordingly, this Court should dismiss plaintiff's fourth claim for negligence insofar as it purports to allege a direct liability claim against the City.

**7. THE COURT SHOULD DISMISS PLAINTIFF'S FIFTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTIONS 52 AND 52.1 AS THESE STATUTES DO NOT IMPOSE ANY MANDATORY DUTY UPON DEFENDANT CITY.**

The allegations in plaintiff's fifth cause of action for violation of the Bane Act [¶¶ 85, 86, 91, and 92] fail to state a claim for *direct* liability against the City.

Whether a particular enactment creates a mandatory duty is a question of law. <u>Haggis v. City of Los Angeles</u>, 22 Cal. 4th 490, 499 (2000).

In order for an enactment to impose a mandatory duty under Government Code § 815.6, "the enactment at issue be *obligatory*, rather than merely discretionary or permissive, in its directions to the public entity; it must *require*, rather than merely authorize or permit, that a particular action be taken or not taken. [citation]." <u>Haggis, supra</u>, 22 Cal. 4th at 498 (emphasis in original). "'If a statute does not require that a "particular action" be taken, … section 815.6 does not create the right to sue a public entity.' [citation]." <u>O'Toole v. Superior Court,</u> 140 Cal. App. 4th 488, 510 (2006).

Further, "[a] statute is deemed to impose a mandatory duty on a public official only if the statute affirmatively imposes the duty and provides implementing guidelines. [citations]" <u>O'Toole, supra</u>, 140 Cal. App. 4th at 510. "'If rules and guidelines for the implementation of an alleged mandatory duty are not set forth in an otherwise prohibitory statute, it cannot create a mandatory duty.'" <u>Guzman v. County of Monterey</u>, 46 Cal. 4th 887, 898 (2009), citing <u>Clausing v. San Francisco Unified</u>

16

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   School Dist. 221 Cal. App. 3d 1224, 1240 (1990).

2        In MacDonald v. California, 230 Cal. App. 3d 319 (1991), the Court explained

3   that "As used in section 815.6 [of the California Government Code], the term

4   'mandatory' refers to an obligatory duty which a governmental entity is required to

5   perform, as opposed to a permissive power which a governmental entity may exercise

6   or not as it chooses." [citation]."  MacDonald, supra, 230 Cal. App. 3d at 327-328

7   (bracketed material added).

8        In Gonzalez v. County of Los Angeles, 2008 WL 2951272, 2008 U.S. Dist.

9   LEXIS 73003 (C.D. Cal. July 28, 2008), the district court held that "[b]ased on their

10  plain language, it is clear that sections… 52, and 52.1 do not require that a particular

11  action be taken or not taken. Accordingly, in their amended complaint Plaintiffs may

12  not sue the County for direct liability under these statutes."  Gonzalez, supra, 2008

13  U.S. Dist. LEXIS 73003, *8, 2008 WL 2951272, *3 (footnotes omitted).  See also:

14  Lopez v. County of Los Angeles, 2015 WL 3913263, 2015 U.S. Dist. LEXIS 82918,

15  *31 (C.D. Cal., Jun. 25, 2015).

16       California Civil Code § 52 and California Civil Code § 52.1 do not impose any

17  mandatory duty upon the City and thus cannot form the basis of a direct liability claim

18  against defendant City under California Government Code § 815.6.  This Court should

19  dismiss plaintiff's fifth claim for violation of California Civil Code § 52 and § 52.1

20  insofar as it purports to allege a direct liability claim against defendant City.

21  **8.    THE COURT SHOULD DENY FURTHER LEAVE TO PLAINTIFF
        TO FILE A SECOND AMENDED COMPLAINT AGAINST**
22      **DEFENDANT CITY.**

23       Fed. R. Civ. P. 15(a) states in part: "(2) In all other cases, a party may amend

24  its pleading only with… the court's leave.  The court should freely give leave where

25  justice so requires."

26       Here, plaintiff filed his original complaint against defendant City and others on

27  August 11, 2020.  [Doc. 1].  Subsequently, defendant City stipulated that plaintiff

28  could file a first amended complaint, and the stipulation was filed with this Court with

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
— Attorneys at Law —

17

1   a proposed order on October 15, 2020. [Docs. 11, 11-1]. On October 15, 2020, this

2   Court approved the stipulation of the parties to grant plaintiff leave to amend their

3   complaint. [Doc. 12].

4         Plaintiff filed his first amended complaint against defendant and others on

5   October 21, 2020. [Doc. 13]. However, despite the fact that the parties' stipulation

6   and this Court's order provided that plaintiff's first amended complaint would dismiss

7   the *direct* liability claims against defendant City in the third claim for assault and

8   battery, and the fourth claim for negligence [see Doc. 11, ¶1(B); and Doc. 12, ¶1(B)],

9   plaintiff's first amended complaint reasserts these claims.

10        "Although within the trial court's discretion, leave to amend 'shall be freely

11   given when justice so requires.' [Citations.]" Klamath-Lake Pharmaceutical Ass'n v.

12   Klamath Medical Serv. Bureau, 701 F. 2d 1276, 1292 (9th Cir. 1983). "The Court's

13   discretion to deny or grant leave to amend is particularly broad where Plaintiff has

14   previously been permitted to amend his complaint. [citation]." Thompson v. Hill,

15   2008 U.S. Dist. LEXIS 105948, *5 (E.D. Cal., Dec. 30, 2008).

16        "At the same time, futile amendments should not be permitted. [Citations]."

17   Klamath-Lake Pharmaceutical Ass'n, supra, 701 F. 2d at 1293. "[W]here amendment

18   would be futile, there is no reason to prolong litigation by allowing further

19   amendments. [Citations.]" Thompson, supra, 2008 U.S. Dist. LEXIS 105948, at *5.

20   Further amendment has been found futile where "[p]laintiff's Amended Complaint

21   suffers from the same deficiencies the Court identified in Plaintiff's original

22   Complaint." [Wilson v. Perkinson, 2009 U.S. Dist. LEXIS 6883, *8 (E.D. Cal., Jan.

23   21, 2009), where "Plaintiff['s] claims [are] against individuals who are absolutely

24   immune from suit…." [Roya v. Scott, 2009 U.S. Dist. LEXIS 16158, *6 (E.D. Cal.,

25   Mar. 2, 2009)], and where "[a] "'pleading could not possibly be cured by the allegation

26   of other facts.'" [Citations]." Peace & Freedom Party v. Bowen, 912 F. Supp. 2d 905,

27   907 (E.D. Cal. 2012).

28        Plaintiff should not be granted further leave to amend. Further amendment of

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
___ Attorneys at Law ___

18

the allegations in plaintiff's third cause of action for assault and battery, fourth cause of action for negligence, and fifth cause of action for violation of California Civil Code § 52 and § 52.1 to assert a direct liability claim against the defendant City would be futile.  There is no enactment which imposes the duties alleged in these claims as mandatory duties upon defendant City, and plaintiff previously agreed to dismiss those direct liability claims against defendant City.  Further, plaintiff has twice failed to allege sufficient facts to state a claim against defendant City for any form of municipal liability under § 1983.

**9.     CONCLUSION**

Accordingly, defendant CITY OF SANTA MONICA respectfully requests that this Court grant its motion to dismiss the following claims without further leave to amend:

1.     Plaintiff's second cause of action for unlawful custom and practice under 42 U.S.C. § 1983;

2.     Plaintiff's third cause of action for assault and battery insofar as it purports to allege a direct liability claim against defendant City;

3.     Plaintiff's fourth cause of action for negligence insofar as it purports to allege a direct liability claim against defendant City; and

4.     Plaintiff's fifth cause of action for violation of California Civil Code §§ 52 and 52.1 insofar as it purports to allege a direct liability claim against defendant City.

DATED:  November 10, 2020          **MANNING & KASS**
                                   **ELLROD, RAMIREZ, TRESTER LLP**


                          By:      *Lynn Carpenter*
                                   Eugene P. Ramirez, Esq.
                                   Lynn L. Carpenter, Esq.
                                   Attorneys for Defendant,
                                   CITY OF SANTA MONICA

G:\docsdata\EPR\Mountford, Wolfgang v. City of SM 7284-70001\Pleadings\MTD.FAC.01.docx